# EXHIBIT A-2

CAUSE NO. 73406 _____

| | | |
|---|---|---|
| THELMA QUEZADA, As Next Friend of FAVIAN QUEZADA<br>*Plaintiff* | § § § § § | IN THE COUNTY COURT |
| vs. | § § | AT LAW # _____ |
| AVERITT EXPRESS, INC.<br>*Defendant* | § § | SMITH COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff Thelma Quezada, As Next Friend of Favian Quezada files this, her Original Petition, complaining of and against Defendant Averitt Express, Inc. In support thereof, Plaintiff would respectfully show this Honorable Court as follows:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under a Level 3 Discovery Control Plan, pursuant to Tex. R. Civ. P. 190.4.

### B. PARTIES

2. Plaintiff Thelma Quezada, As Next Friend of Favian Quezada, is a citizen of Tyler, Smith County, Texas. The last three digits of Plaintiff's Social Security number are 708. The last three digits of Plaintiff's Driver's License number are 897.

3. Defendant Averitt Express, Inc. ("Averitt") is a foreign for-profit corporation. Defendant Averitt's principal place of business in Texas is 12119 Highway 155 North, Tyler, Texas 75708. Defendant Averitt may be served with process by serving its registered agent for services, Cogency Global, Inc., 1601 Elm St. Suite 4360, Dallas, TX 75201.

## C. JURISDICTION AND VENUE

4.  Plaintiff seeks monetary relief over $1,000,000.00. The damages that Plaintiff seeks are within the jurisdictional limits of the Court.

5.  Venue is proper in Smith County, Texas, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1) because Smith County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## D. AGENCY/RESPONDEAT SUPERIOR

6.  Whenever it is alleged in this Petition that Defendant Averitt did any act or thing, it is meant that their agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with Defendant Averitt's authorization or was done in the normal routine course of the agency or employment with Defendant Averitt.

## E. FACTS

7.  This lawsuit results from a motor vehicle collision that occurred on August 12, 2021. At the time of the subject collision, Favian Quezada was the seat-belted driver of a 2009 Chevrolet Tahoe traveling northbound on S SW Loop 323 in Tyler, Texas. At the same time, Defendant Averitt's driver, who was operating a tractor/trailer, was traveling southbound on S SW Loop 323 in Tyler, Texas. At the intersection of S SW Loop 323 and Shaw St., Defendant Averitt's driver failed to yield the right-of-way, making an unsafe U-turn directly into the path of Favian Quezada's vehicle, violently colliding with it. As a result, Favian Quezada sustained severe, permanent and incapacitating injuries, including but not limited to: brain injury, skull fracture, subdural hematoma, multiple broken ribs, broken jaw, and other broken bones. Consequently, Favian Quezada is comatose, making him a persons non compos mentis with no legal guardian.

8. At all times material hereto, Defendant Averitt's driver was employed by Defendant Averitt and was acting at said Defendant Averitt's direction and for Defendant Averitt's benefit.

9. At all times material hereto, Defendant Averitt's driver was in the course and scope of his employment with Defendant Averitt.

10. At all times material hereto, Defendant Averitt's driver was engaged in the furtherance of Defendant Averitt's business.

11. At all times material hereto, Defendant Averitt's driver was engaged in accomplishing a task for which he was employed by Defendant Averitt.

12. At all times material hereto, Defendant Averitt's driver was negligent in the operation of the vehicle owned by Defendant Averitt.

13. Defendant Averitt is liable for the actions of Defendant Averitt's driver under the theory of *respondeat superior*.

### F. LIABILITY OF DEFENDANT AVERITT EXPRESS, INC.

14. Defendant Averitt's driver was an employee/statutory employee of Defendant Averitt and was in the course and scope of his employment at the time of the collision. The occurrence made the basis of this lawsuit and the resulting injuries to Favian Quezada were proximately caused by Defendant Averitt's employee/statutory employee's negligent and negligent *per se* acts and/or omissions including, but not limited to, one or more of the following:

   a. Making a U-turn when it was unsafe to do so;

   b. Failing to yield the right-of-way at to Favian Quezada's vehicle, thereby violating Texas Transportation Code §§ 545.151, 545.152, and 545.153;

   c. Failing to apply his brakes properly and timely as a person of ordinary prudence would have done under the same or similar circumstances;

  d. Failing to keep such lookout as a person of ordinary prudence would have under the same or similar circumstances;

  e. Failing to take such evasive action as a person exercising ordinary care would have done to avoid the collision;

  f. Driving the vehicle without regard for the safety and welfare of other persons or property; and

  g. Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401.

15. Each and all of the acts and/or omissions of Defendant Averitt's employee/statutory employee, singularly or in combination with others, constituted negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action and Favian Quezada's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

16. The negligence/negligence *per se* of Defendant Averitt's driver is imputed to Defendant Averitt. Accordingly, the negligence/negligence *per se* of Defendant Averitt, both directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine *respondeat superior*.

17. In the alternative, Defendant Averitt is responsible for the negligent acts and/or omissions of Defendant Averitt's driver because at the time and place in question, Defendant Averitt's driver was operating a commercial motor vehicle and he, as well as Defendant Averitt, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R §376.12(c)(1). Accordingly, at all relevant times hereto, Defendant Averitt's driver was a statutory employee of Defendant Averitt, and Favian Quezada was a member of the general driving public, a class of persons that 49 C.F.R. §376.12(c)(1) was designed to protect.

18. Pleading further, Plaintiff alleges herein that Defendant Averitt was negligent in the training of Defendant Averitt's driver, in the following particulars:

   a. Defendant Averitt knew, or in the exercise of reasonable care should have known, that Defendant Averitt's driver was unfit or unqualified for a position in which he was required to safely operate and drive a commercial motor vehicle particularly concerning making a U-turn while operating a commercial motor vehicle;

   b. Defendant Averitt failed to properly train and/or instruct its employee for the job he was to perform and for the safe operation of a commercial vehicle, including, but not limited to making a U-turn while operating a commercial motor vehicle; and

   c. Defendant Averitt failed to instruct or train its employee concerning the commercial motor vehicle he was given to operate by Defendant Averitt and allowed its employee to drive a commercial motor vehicle when it knew or should have known that the employee was not capable of or qualified in operating the commercial motor vehicle safely and prudently.

19. Each and all of the foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence and gross negligence, which proximately caused the occurrence made the basis of this action and Favian Quezada's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### G. THELMA QUEZADA, As Next Friend of FAVIAN QUEZADA'S PERSONAL INJURY DAMAGES

20. As a direct and proximate result of the negligent and/or negligent *per se* conduct of Defendant and the subject collision, Favian Quezada sustained severe personal injuries. As a result of these injuries, he has suffered the following damages:

   a. Reasonable and necessary medical expenses incurred by or on behalf of Favian Quezada in the past;

   b. Medical expenses that, in reasonable probability, Favian Quezada will incur in the future;

   c. Past physical pain and suffering;

    d.    Physical pain and suffering that, in reasonable probability, Favian Quezada will suffer in the future;

    e.    Past mental anguish;

    f.    Mental anguish that, in reasonable probability, Favian Quezada will suffer in the future;

    g.    Past physical impairment;

    h.    Physical impairment that, in reasonable probability, Favian Quezada will suffer in the future;

    i.    Disfigurement (past and future);

    j.    Lost wages; and

    k.    Future loss of earning capacity.

21.    Plaintiff seeks fair and reasonable compensation for these damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## H. DOCUMENTS TO BE USED

22.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to use all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses, during the trial of the above-entitled and numbered cause.

## I. PRAYER

PREMISES CONSIDERED Plaintiff requests that Defendant be cited to appear and answer and that upon final hearing hereon Plaintiff recover as follows:

    a.    Actual damages within the jurisdictional limits of this Court;

    b.    Prejudgment and post-judgment interest as allowed by law;

c.   Costs of Court; and

d.   All such other and further relief to which Plaintiff may show herself justly entitled.

>Respectfully submitted,
>SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH
>
>_____
>CARSON R. RUNGE
>State Bar No. 24059262
>crunge@sloanfirm.com
>SAVANNAH M. JUDKINS
>State Bar No. 24121694
>Sjudkins@sloanfirm.com
>P.O. Drawer 2909
>101 East Whaley Street
>Longview, Texas 75601
>Telephone: (903) 757-7000
>Facsimile: (903) 757-7574
>
>ATTORNEYS FOR PLAINTIFF